Aluen, J.
delivered the opinion of the Court.
• The Court is of opinion, that as by the contract between David Watts and James B. Wilson, the former was only bound to make a deed for the land upon the payment of the purchase money, it would have been competent for the vendor at any time whilst he retained the legal title as a security for the payment of the purchase money, to have filed a bill for the specific execution of the contract; and to subject the land to sale, for the purchase money in arrear; and this right in equity, under such circumstances, could not be affected by any lapse of time, short of the period sufficient to raise the presumption of payment; whatever might be the operation of the statute of limitations in an action at law brought to recover the purchase money. The Court is further of opinion, that it was competent for the assignee for value of the note given for the purchase money, by a bill against his assignor, the vendor, and the vendee, to enforce the specific execution of the contract, in a case proper for such relief, for his benefit, and to obtain satisfaction of the amount due to him by subjecting the land to sale for the payment thereof. And it appearing from the papers in the cause, that the defendant Watts, as to whom the bill was taken for confessed, has complied with the contract on his part, by executing and acknowledging a deed for the land sold, to bo delivered to the vendee on'his paying the purchase money; and the *246 affirmative allegations of the answer, that the deed is not in pursuance of the contract, being unsupported by proof, the Court on the hearing, under the prayer for general relief, should have decreed á specific execution of tjie contract, instead of dismissing the bill with -costs. It is therefore considered that said decree is erroneous, and should be reversed with costs.
And this Court proceeding, &c. doth adjudge, order and decree, that the plaintiff recover of the said James B. Wilson, the sum of 154 dollars 34 cents, with interest thereon from the 5th day of November 1838, until paid, and his costs by him about the prosecution of his suit in this behalf expended; and upon the payment of said debt, interest and costs, it is further ordered that the clerk do deliver to the said James B. Wilson, the original deed filed as an exhibit with the bill, retaining a certified copy thereof to be filed with the papers in the cause. And it is further adjudged, ordered and decreed, that unless the said J. B. Wilson shall pay to the plaintiff the debt, interest and costs aforesaid, within sixty days after the entering of this decree, the sheriff of Greenbrier county after advertising the time and place of sale by advertisement published, &c., and posted, &c., for four weeks successively, do proceed before the courthouse of said county, on some court day, to sell said land in said deed described, upon a credit of six and twelve months, taking from the purchaser bond and security, and retaining a lien on the land for the security of the purchase money; and report his proceedings in order to a final decree.